1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. CLEARY, | CV F  06-00881 OWW DLB HC |
|                     Petitioner, | FINDINGS AND RECOMMENDATIONS REGARDING RESPONDENT'S MOTION TO DISMISS PETITION AS MOOT |
|    v. | [Doc. 7] |
| JEFF WRIGLEY, | |
|                    Respondents. | |
| _____/ | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## BACKGROUND

Petitioner pled guilty in the District of New Jersey to one count of distributing pseudoephedrine. 21 U.S.C. § 841(g)(1); Exhibit 1.  On June 23, 2005, Petitioner was sentenced to 18 months incarceration, a fine of $3,000.00, 36 months of supervised release, and a penalty assessment of $100.00.  Id.  If Petitioner were to serve his full term, he would be released on April 29, 2007.  Exhibit 2, page 3.  As of October 12, 2006, Petitioner was scheduled to be released on February 18, 2007, based on the good time credits he had earned and was projected to earn in the future.  Id.

Petitioner filed the instant petition for writ of habeas corpus on July 11, 2006.  (Court Doc. 1.)  On September 13, 2006, the Court directed Respondent to file a response.  (Court Doc.

1

1    5.)  On October 13, 2006, Respondent filed a motion to dismiss the petition as moot.  (Court

2    Doc. 7.)  Petitioner filed an opposition on October 23, 2006.  (Court Doc. 8.)

3                                            DISCUSSION

4            As Respondent submits, in 2005, the Bureau of Prisons ("BOP") adopted regulations that

5    limit the amount of time that an inmate can spend in a halfway house at the end of his sentence to

6    a lesser of 10% of the inmate's total sentence or six months, unless special statutory

7    circumstances apply.  28 C.F.R. §§ 570.20, 570.28.  Respondent submits that if this criterion

8    were applied in the instant case, Petitioner could not be released until January 3, 2007.  Exhibit 2,

9    page 2.[1]  Petitioner argues that the regulation is invalid and that he is entitled to evaluation for a

10   halfway house placement without consideration of its limitations.  Petition, at 2.  Respondent

11   argues that the petition should be dismissed because Petitioner had already been given the

12   evaluation he has requested.  The Court agrees.

13           In his motion, Respondent states that the BOP has evaluated Petitioner "without reference

14   to the time constraints imposed by 28 CFR § 570.20-21 or the 2002 and 2005 Community

15   Corrections Policies."  Motion, at 2, Exhibit 3.  As a result of this evaluation, it was

16   recommended that Petitioner spend 30-60 days in a RRC prior to his release.  Respondent has

17   provided a copy of the completed form entitled regarding the Institutional Referral for CCC

18   Placement.  See Exhibit 3, Motion. According to the form, Petitioner was evaluated on October

19   12, 2006, consistent with this Court's opinions in Horn v. Ellis, Case No. 1:06-CV-0006 OWW

20   TAG HC and Arcediano v. Wrigley, Case No. 06-CV-00780 AWI DLB HC, which held that the

21   2005 BOP regulations contradict, rather than interpret, Congress's intent in enacting 18 U.S.C.

22   §§ 3621(b) and 3624(c).  Id.

23           Because Petitioner has already been granted the relief he requested and recommended by

24   the Magistrate Judge, the case is now moot.  The case or controversy requirement of Article III of

25   the Federal Constitution deprives the Court of jurisdiction to hear moot cases.  Iron Arrow Honor

26   Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); NAACP., Western Region v.

27

28   _____

         [1]  This date is called the pre-release preparation date.

                                                2

1  City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984).  A case becomes moot if the "the issues

2  presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."

3  Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1984).  The Federal Court is "without

4  power to decide questions that cannot affect the rights of the litigants before them." North

5  Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 406 (1971) *per curiam*, *quoting* Aetna Life

6  Ins. Co. v. Hayworth, 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-464 (1937).

7          In his opposition, Petitioner contends that Respondent's motion is not timely, the motion

8  is not verified, and he is entitled to judgment as a matter of law.  Opposition, at 1-3.  Contrary to

9  Petitioner's contention, Respondent's motion to dismiss is timely, as the motion to dismiss was

10  filed on the date it was due, October 13, 2006.  The Court's September 13, 2006, order to

11  respond directed that an answer to the petition be filed within thirty days from the date of service

12  of the order.  The order was not filed and served until September 13, 2006.  (Court Doc. 5.)

13  Accordingly, Respondent's motion is timely filed.

14          Petitioner's contention that four exhibits attached to Respondent's motion are not

15  verified, it also without merit.  Specifically, Petitioner contends that Respondent did not submit

16  an affidavit as is required by Local Rule 43-140(a)(3).  First, Petitioner is advised that Local Rule

17  43-140(a)(3) does not exist.  However, Local Rule 43-142(a)(3) states, in part, that an affidavit

18  submitted in support of a motion shall (3) identify and attach documents and exhibits offered in

19  support of or in opposition to the motion, unless such documents and exhibits are already in the

20  record and specifically referred to in the motion or opposition.  To the extent Petitioner is

21  referring to this Local Rule, it does not require that an affidavit be submitted in support of the

22  motion in a habeas corpus proceeding, it merely states the requirements if one need be filed.  The

23  documents speak for themself and no further verification is necessary in this habeas proceeding,

24  because unlike a civil case, a habeas case does not proceed to trial.  Accordingly, Petitioner's

25  contention is without merit.

26          Petitioner's claim that this Court cannot take judicial notice of the exhibits, as Petitioner

27  disputes them, is also without merit.  The Court is not required to take judicial notice of

28  documents submitted in support of a motion.  "A judicially noticed fact must be one not subject

1    to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of

2    the trial court or (2) capable of accurate and ready determination by resort to sources whose

3    accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b). "Judicial notice is an

4    adjudicative device that alleviates the parties' evidentiary duties at trial, serving as a substitute

5    for the conventional method of taking evidence to establish facts."  York v. American Tel. & Tel.

6    Co., 95 F.3d 948, 958 (10th Cir. 1996)(internal quotations omitted); see General Elec. Capital

7    Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1081 (7th Cir. 1997).  Because it was not

8    requested that the Court take judicial notice of the exhibits attached to Respondent's motion, nor

9    is the Court required to do so, Petitioner's contention is rejected.

10       Petitioner's contention that he is entitled to judgement as a matter of law is also without

11   merit.  Contrary to Petitioner's contention, Respondent has submitted evidence in form of a

12   memorandum setting forth the fact that the re-evaluation was conducted in consideration of the

13   five factors listed in 18 U.S.C. § 3621(b).  Exhibit 3, Motion.

14                                RECOMMENDATION

15       Based on the foregoing, it is HEREBY RECOMMENDED that:

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1.     Respondent's motion to dismiss be GRANTED;

2.     The instant petition for writ of habeas corpus be DISMISSED as MOOT; and

3.     The Clerk of Court be directed to enter judgment in favor of Respondent.

This Findings and Recommendations is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


    IT IS SO ORDERED.

  **Dated:**   __**December 1, 2006**__       ____**/s/ Dennis L. Beck**____
3b142a                                UNITED STATES MAGISTRATE JUDGE